DORIS LEAF et al., Respondents, v. CONSOLIDATED EDISON CO. OF NEW YORK, INC., Respondent, and SAMUEL GALLUCCI & SONS, INC., et al., Appellants.

Pursuant to contract, Tully refilled an excavation across a sidewalk and repaved it with a temporary macadam surface. Tully completed its work on December 30, 1955, and Con Ed, which

had caused the excavation to be made, accepted Tully's work. On January 6, 1956, pursuant to contract, Con Ed notified Gallucci to cover the area with a permanent sidewalk. Although under the contract Gallucci had agreed to assume all responsibility for maintenance at the expiration of 48 hours after receipt of notice from Con Ed, Gallucci failed to commence work until April 28, 1956, or two weeks after the happening of the accident. Liability may not be attributed to Tully even if it be assumed that upon the completion of the temporary macadam surface, such surface was slightly higher than the adjoining sidewalk (*Sobel* v. *City of New York*, 9 N Y 2d 187). In any event, there was no proof of such defective condition at completion by Tully and, under the circumstances, no inference of defective condition may reasonably be drawn. Con Ed had a nondelegable duty to maintain the sidewalk. In the light of its knowledge and its creation of the condition, proof of notice to it of the defect was not a prerequisite to a pedestrian's recovery against it. Failure of Gallucci to perform after notice and the contractual assumption of liability by Gallucci warranted judgment for Con Ed against it (*Sobel* v. *City of New York, supra*). Beldock, P. J., Ughetta, Kleinfeld and Christ, JJ., concur; Brennan, J., concurs in result.